IN THE MATTER OF: WILLIAM VANCE STALLINGS, JUVENILE

No. 8514DC257

(Filed 29 October 1985)

**Criminal Law § 66.10; Infants § 17— showup without court order—inadmissible**

> The pretrial identification of a juvenile should have been suppressed where the identification was made in a showup without a court order in violation of G.S. 7A-596.

APPEAL by juvenile from *LaBarre, Judge.* Adjudication order entered 15 November 1984 in District Court, DURHAM County. Heard in the Court of Appeals 14 October 1985.

Petitioner was charged in a juvenile petition with the offense of felony breaking and entering. The transcript of the adjudicatory hearing discloses the following pertinent facts. On the morning of 5 October 1984 complainant Mrs. Knott went to her neighbor's house for a cup of coffee. After having coffee she and the neighbor stood at the rear of the neighbor's house, approximately 90 feet from Mrs. Knott's house, and observed two young white males leaving the Knott house from the side door. Mrs. Knott immediately yelled at the boys and gave chase, but lost them. She returned to her house, called the police, and gave them a description of the two boys. Detective Crabtree of the Durham County Sheriff's Department responded to the call, spoke briefly with Mrs. Knott and her neighbor, and then searched the neighborhood. He then proceeded about half a mile to a Seven Eleven Market where he found two young white males matching the description given by Mrs. Knott. Detective Crabtree placed the young men in the rear of his car, returned to Mrs. Knott's house, and asked Mrs. Knott "if they were the ones she saw coming out of her house." She responded affirmatively, and the boys were taken into custody.

At the adjudicatory hearing, the boys were found guilty and from judgment entered on that finding, petitioner appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert E. Cansler, for the State.*

*Susan K. Seahorn for juvenile, petitioner.*

HEDRICK, Chief Judge.

Petitioner's three assignments of error all arise from the denial of his motion to suppress testimony concerning Mrs. Knott's identification of him as the perpetrator of the offense on the day of the crime. He contends that the presentation of him to Mrs. Knott for her identification, commonly known as a "show-up," was carried out without a court order, thus violating statutory guidelines.

N.C. Gen. Stat. Sec. 7A-596 in pertinent part provides:

Nontestimonial identification procedures shall not be conducted on any juvenile without a court order issued pursuant to this Article unless the juvenile has been transferred to superior court for trial as an adult. . . . As used in this Article, "nontestimonial identification" means identification by fingerprints, palm prints, footprints, measurements, blood specimens, urine specimens, saliva samples, hair samples, or other reasonable physical examination, handwriting exemplars, voice samples, photographs, and *lineups or similar identification procedures requiring the presence of a juvenile.*

(Emphasis added.) The statute does not specify "show-ups" as one of the identification procedures requiring court authorization, but it does specify "lineups or similar identification procedures requiring the presence of a juvenile."

We hold that a showup and a lineup are similar enough in purpose, practice, and effect so as to bring a showup within the contemplation of the statute. Indeed, a showup is inherently more susceptible to suggestive or improper use than a lineup and thus more in need of statutory protection. *See U.S. v. Wade,* 388 U.S. 218, 234, 87 S.Ct. 1926, 1936, 18 L.Ed. 2d 1149, 1161 (1967). We wish to emphasize, however, that our holding applies only to showups involving juveniles. Showups of adults do not require a

court order and are admissible if due process requirements are met. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967); *State v. Sanders,* 33 N.C. App. 284, 235 S.E. 2d 94, *disc. rev. denied,* 293 N.C. 257, 237 S.E. 2d 539 (1977).

The court erred in denying petitioner's motion to suppress. Since all the evidence tending to identify petitioner as the perpetrator of the offense charged was based on evidence stemming from the improper showup, there is no evidence remaining to support the guilty verdict, and the judgment must be reversed.

Reversed.

Judges BECTON and PARKER concur.